IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT EDWARD HENGST, JR., | No. 3:20-CV-02023 |
| Plaintiff, | (Chief Judge Brann) |
| v. | (Magistrate Judge Saporito) |
| PRIMECARE MEDICAL, INC., *et al.*, | |
| Defendants. | |

# ORDER

**MARCH 4, 2022**

Robert Edward Hengst, Jr., filed this civil rights complaint alleging that Defendants violated his rights in numerous ways.[1] In December 2021, Magistrate Judge Joseph F. Saporito, Jr. issued a Report and Recommendation recommending that this Court grant in part and deny in part Defendants' motions for summary judgment.[2] Magistrate Judge Saporito recommends that several of Hengst's claims are barred based upon Hengst's failure to exhaust his administrative remedies, but that some claims may proceed, as Hengst had exhausted his remedies as to those claims.[3] Magistrate Judge Saporito further recommends denying as premature Defendants' request for summary judgment on the merits of any claims, as discovery and dispositive motions have been

---

[1] Doc. 1.
[2] Doc. 37.
[3] *Id.* at 32-42.

bifurcated to first proceed only as to the exhaustion of administrative remedies, and then as to the merits of any claims that were properly exhausted.[4]

Defendants[5] filed timely objections to the Report and Recommendation, asserting that Magistrate Judge Saporito erred in recommending that this Court not examine the merits of Hengst's excessive force and municipal liability claims at this stage.[6] Specifically, Defendants assert that the scheduling order implemented by Magistrate Judge Saporito did not bifurcate the deadline for dispositive motions—but provided only one deadline for all dispositive motions—and Hengst never objected to Defendants seeking summary judgment on the merits of two of Hengst's claims. Defendants assert that, consequently, the Court should grant summary judgment on the merits of Hengst's excessive force and municipal liability claims.[7]

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[8] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[9] After reviewing the record, the Court finds no error in Magistrate Judge Saporito's

---

[4] *Id.* at 42-44.
[5] Objections were filed by all defendants with the exception of PrimeCare Medical, Inc. For the sake of simplicity, the moving defendants will simply be referred to as "Defendants."
[6] Docs. 38, 39.
[7] *Id.*
[8] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[9] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

2

conclusion that summary judgment should be granted in part and denied in part.[10] Accordingly, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Joseph F. Saporito, Jr.'s Report and Recommendation (Doc. 37) is **ADOPTED**;

2. Defendants' motions for summary judgment (Docs. 21, 24) are **GRANTED** in part and **DENIED** in part, as follows:

    A. Defendants' motions are denied as to any claims concerning:

    i. the withholding of Hengst's eyeglasses, as set forth in Grievance No. 021219C;

    ii. the failure to provide Hengst with medically prescribed protein shakes or an otherwise adequate liquid diet, as set forth in Grievance No. 050319E;

    iii. the failure to provide Hengst with adequate dental or medical care when he broke a wire in his jaw while his jaw was immobilized, as set forth in Grievance No. 052119C;

    iv. the loss or destruction of Hengst's legal papers;

---

[10] Although Defendants argue that the scheduling order provided only that "[a]ll case dispositive motions shall be filed by April 30, 2021," Doc 38 at 2, that assertion ignores the introductory language in Magistrate Judge Saporito's order. In that order, Magistrate Judge Saporito states "[t]he parties have indicated that there is possibly a failure to exhaust administrative remedies defense in this case. *Thus, this Order will address that defense. A further Order of Court will be issued if Plaintiff properly exhausted his administrative remedies prior to filing suit.*" Doc. 20 at 1 (emphasis added). This language directs that the scheduling order applies *only* to the failure to exhaust administrative remedies defense, and modifies everything that follows that language. The Court finds that this language clearly bifurcated both discovery and dispositive motions. Given that only limited discovery has occurred here, Hengst has not had a sufficient opportunity to view the video or still images upon which Defendants rely to support their motion for summary judgment on the merits of the claims. Hengst cannot effectively attempt to rebut that evidence by, for example, seeking other camera angles—if any exist—or by having an expert review the video in an attempt to rebut Defendants' interpretation of it. Consequently, the Court agrees with Magistrate Judge Saporito that examining the merits of Hengst's claims is not appropriate at this stage in the proceedings.

      v.      the shutting off of all water to Hengst's cell;

      vi.      the alleged use of excessive force by correctional officers on April 21, 2019; and

      vii.      retaliation against Hengst for exercising his First Amendment petition rights.

B.    Defendants' motions are granted as to any claims concerning:

      i.      inadequate medical care based on allegedly providing Hengst with medically unnecessary detox medications on or about November 2, 2018, as set forth in Grievance No. 111618E;

      ii.      inadequate medical care based on the occurrence of an intraoral abscess or infection, as set forth in Grievance No. 052819A;

      iii.      the denial of ice to help reduce swelling in Hengst's fractured ankle in November 2018;

      iv.      the denial of extra blankets in November 2018 to help Hengst elevate his fractured ankle in order to reduce swelling;

      v.      mail issues of any kind; and

      vi.      inadequate dental or medical care not described in subparagraph A.

3.    This matter is **REMANDED** to Magistrate Judge Saporito for further proceedings.

                                                BY THE COURT:

                                               *s/ Matthew W. Brann*
                                               Matthew W. Brann
                                               Chief United States District Judge