IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT EDWARD HENGST, JR., | No. 3:20-CV-02023 |
| Plaintiff, | (Chief Judge Brann) |
| v. | (Magistrate Judge Saporito) |
| PRIMECARE MEDICAL, INC., *et al.*, | |
| Defendants. | |

## ORDER

### AUGUST 10, 2023

Robert Edward Hengst, Jr., filed this civil rights complaint alleging that Defendants violated his rights in numerous ways.[1] On July 21, 2023, Magistrate Judge Joseph F. Saporito, Jr. issued a Report and Recommendation recommending that this Court grant Defendants' motion for summary judgment and dismiss any claims remaining in this matter.[2] Hengst did not filed timely objections to the Report and Recommendation.

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[3] Conversely, "[i]f a party objects timely to a magistrate judge's report and recommendation, the district court must

---

[1] Doc. 1.
[2] Doc. 52.
[3] Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).

'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[4] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[5] Upon review of the record, the Court finds no clear error in Magistrate Judge Saporito's recommendation that the Court grant partial summary judgment in Defendants' favor and dismiss any remaining claims. Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Joseph F. Saporito Jr.'s Report and Recommendation (Doc. 52) is **ADOPTED**;

2. Defendants' motion for summary judgment (Doc. 46) is **GRANTED** and judgment is entered in favor of York County Prison Board, David Frey, Steve Bolding, Ronnie Belt, and Nathan Fitzkee as to Hengst's 42 U.S.C. § 1983 municipal liability, excessive force, and retaliation claims;

3. All claims against PrimeCare Medical, Inc. and any remaining § 1983 claims against David Frey, Steve Bolding, Ronnie Belt, and Nathan Fitzkee are **DISMISSED**; and

4. The Clerk of Court is directed to **CLOSE** this case.

---

[4] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).

[5] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge